**NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY, Plaintiff,**

v.

**Burton J. CONNALLY and Charles Connally, Defendant.**

Civ. No. 6979.

United States District Court
W. D. Oklahoma.
July 2, 1956.

Butler, Rinehart & Morrison, Oklahoma City, Okl., for plaintiff.

Wise & Ivester, Sayre, Okl., for defendant.

RIZLEY, District Judge.

This action was instituted in this court on February 17, 1956 by the plaintiff, National Farmers Union Property and Casualty Company, a foreign corporation, against Burton J. Connally and Charles Connally, defendants.

The suit is for declaratory judgment requesting this court to find that no contractual relationship existed either immediately prior to the 10th day of January, 1956, or on the 10th day of January, 1956, or at any time subsequent thereto, between the plaintiff and the defendants or either of the defendants.

It is admitted that the plaintiff is a foreign corporation. The plaintiff claims that the amount in controversy exceeds the sum of three thousand dollars and that therefore this court has jurisdiction. The defendants specifically deny that the amount in controversy exceeds three thousand dollars and challenge the jurisdiction of this court.

It is agreed that in December, 1949, a policy of insurance was issued by the plaintiff company to the defendant Burton J. Connally for a 1948 Chevrolet car owned by the defendant Burton J. Connally. It is further admitted that the policy was renewed from time to time thereafter including the year 1956.

The policy among other things covers liability for accidental injuries to third persons not to exceed ten thousand dollars for each person and not to exceed the sum of twenty thousand dollars for each accident.

It is also admitted that on or about the 10th day of January, 1956, the defendant Charles Connally while driving the Chevrolet car, was involved in an accident in or near Tulsa, Oklahoma, with a car owned and operated by one Susie Blazer. Both of the defendants herein and Susie Blazer are residents of the State of Oklahoma.

It is further admitted that no action had been instituted in court by Susie Blazer against the defendants either at the time plaintiff filed this suit or subsequently up to the time this case was tried by this court. There is nothing in the record to show that Susie Blazer had or has made any claim or demand against either of the defendants for damages resulting from such accident. The record is also silent as to any demand having been made by either of the defendants to the plaintiff insurance company requesting it to defend any action that might be brought by Susie Blazer against them or either of them.

The court did permit the plaintiff company to put in evidence a letter written by the law firm of Green & Feldman of Tulsa, Oklahoma, representing the said Susie Blazer, to the attorneys Butler, Rinehart & Morrison, who represent the plaintiff company in this case. The letter purports to answer a request which had theretofore been made by the attorneys for plaintiff company for information relating to the accident. This letter recites claimed medical expenses incurred by Susie Blazer as a result of the accident in the sum of $702, also for loss and damage to her automobile which she valued at $995 less the sum of $157, which she had received from the sale of the car, also loss of salary which she estimated to be $605, totaling actual damages in the sum of $2,145.

The letter then says, "I have discussed the matter of what she might be willing to settle for above the out of pocket money for her pain and suffering and any permanent disability and she has suggested that she would be willing to settle if she got her damages back plus $1,500.00. So I think I am safe in saying to you that if you get $3,645.00, we could clean up this claim." This letter is dated June 13, 1956, several months after the suit was filed and only a few days prior to the trial of this cause in this court.

This court is of the opinion under all of the facts and circumstances, including this letter written by a third party to the plaintiff's attorneys, that it is indeed questionable, to say the least, whether this court has jurisdiction. Assuming, without deciding, that the insurance policy involved was in force and effect at the time of the accident, there was no liability under the policy until and unless a claim has been established against plaintiff's insured. The plaintiff company could not be sued by Mrs. Blazer. She could sue the defendants in this case in the state court for any amount which she claims she has been damaged.

Since, however, the defendants herein as well as Mrs. Blazer are all residents of the state, the cause would not be removable. It is, of course, true that plaintiff's insured would have the right to demand that the plaintiff company defend the action whether it be for more or less than $3,000.

It is true that the District Courts have quite liberal and wide discretion under the Declaratory Judgments Act, 28 U.S. C.A. §§ 2201, 2202. However, it is my belief that under all the facts and circumstances as disclosed by the record in this case, I should refuse to assert jurisdiction.

While courts of last resort have quite uniformly said that the Declaratory Judgments Act is an important development in procedural law and should be liberally construed, these same courts have also said that in giving liberal con-struction to the Act, we must be careful not to encroach upon the state jurisdiction. We believe this is a sound policy to pursue.

Since I have determined that I will not assert jurisdiction, it is not necessary for me to discuss the merits of the case.

It is ordered that the plaintiff's case be dismissed. Counsel will prepare for filing an appropriate journal entry.